UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JIHAD SHAHADDAH,

    Petitioner,

v.

                                       Civil Action No. 2:19-cv-185

HAROLD W. CLARKE, Director,
Virginia Department of Corrections

and

COFFEEWOOD CORRECTIONAL CENTER,

    Respondents.

## REPORT AND RECOMMENDATION

Petitioner Jihad Shahaddah is currently serving a ten-year prison sentence with the Virginia Department of Corrections (VDOC) following his statutory burglary conviction. Shahaddah brings this Petition pursuant to 28 U.S.C. § 2254, raising a number of constitutional and statutory claims related to his sentence. Respondents Harold W. Clarke, Director of VDOC, and Coffeewood Correctional Center (collectively, Respondents) move to dismiss the petition, (ECF No. 18), arguing that the Petition is procedurally defaulted, time-barred, and otherwise lacks merit.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the assigned district judge referred the motion to the undersigned for a report and recommendation. As explained in greater detail below, the undersigned concludes that Shahaddah's Petition is time-barred and thus recommends that the court grant Respondents' Motion to Dismiss.

## I. <u>Statement of the Case</u>

Pursuant to a guilty plea, Shahaddah was convicted of statutory burglary on November 23, 2015, in the Arlington County Circuit Court. (R. at 23-26, 75-76.)[1] The circuit court initially sentenced Shahaddah on June 6, 2016, to ten-years' imprisonment, with six years suspended. (R. at 75-76.) On June 8, 2016, Shahaddah moved the circuit court to reconsider his sentence, requesting that he be placed in the Addiction, Corrections and Treatment (ACT) Program at the Arlington County Detention Facility due to his history of substance abuse. (R. at 78-81.) The circuit court granted Shahaddah's motion on August 17, 2016. (R. at 86.) In doing so, the circuit court modified Shahaddah's sentence from ten-years' imprisonment, six years suspended, to an active sentence of ten years. (R. at 86.) The court also stated that upon completing the ACT Program, Shahaddah could file another motion to reconsider his sentence. (R. at 86.) Under Virginia Code § 19.2-303, the trial judge retained jurisdiction to "suspend or otherwise modify the unserved portion of" Shahaddah's sentence as long as Shahaddah had not actually been transferred to the receiving unit of VDOC. Va. Code § 19.2-303.

In December 2016, Shahaddah was involuntarily discharged from the ACT Program after the program manager, Shariee Sims, reported that Shahaddah attempted to cover up a physical altercation between two other inmates, and then lied about his role in the altercation and responded hostilely toward ACT Program staff when questioned about it. (R. at 91.) Thereafter, on December 27, 2016, Shahaddah moved the court pro se to reconsider his sentence under § 19.2-303, this time requesting that he be placed in the Detention Diversion Program. (R. at 88-89.) On

---

[1] All record citations in this Report relate to the paginated compilation of the records this court received from the Arlington County Circuit Court.

2

January 12, 2017, the circuit court denied Shahaddah's pro se motion and ordered that he be transported to VDOC to complete his sentence. (R. at 93.) Shahaddah's attorney filed another motion under § 19.2-303 on February 10, 2017, requesting the same relief, (R. at 94-96), but the court again denied the motion on February 23, 2017, (R. at 98). Shahaddah apparently filed a fourth motion under § 19.2-303 in April 2017, this time seeking to be placed in the Northern Virginia Salvation Army Adult Rehabilitation Center.[2] (R. at 99-104.) However, the record does not indicate whether the circuit court ruled on the motion. According to an affidavit by Donna M. Shiflett, Manager of the Court and Legal Services Unit for VDOC, Shahaddah was transferred to VDOC on May 15, 2018. Shiflett Aff. (ECF No. 19-18, at 1-3).

The several motions to reconsider notwithstanding, Shahaddah has never directly appealed his conviction or sentence, nor has he filed a state habeas petition. Instead, he filed a number of state and federal lawsuits.[3] On June 15, 2017, he filed suit pro se in the Arlington County Circuit Court, alleging various tort claims against the County of Arlington and a "Deputy Gotcher," who was apparently involved in the incident leading to Shahaddah's expulsion from the ACT Program. Resp't's Mem. Supp. Mot. Dismiss (Resp't's Mem.), Ex. 12 (ECF No. 19-12). Shahaddah later obtained counsel and moved to nonsuit the civil case, which the circuit court granted on May 8,

---

[2] Neither Shahaddah nor Respondents address the fourth motion in their briefing, but it appears in the original records received from the Arlington County Circuit Court, (R. at 99-104). For purposes of this report, the undersigned assumes a filing date of April 6, 2017, which is the postmark date on the accompanying envelope, (R. at 104).

[3] When asked in the form Petition whether he directly appealed his conviction and whether he filed a post-conviction motion or a state habeas petition, Shahaddah responded in the affirmative to both questions, at least with respect to the first two grounds raised in the Petition. See Pet. 6-8 (ECF No. 1, at 5-7). When asked the type of post-conviction motion or habeas petition filed, Shahaddah lists "motion to reconsider" for the first ground, Pet. 6 (ECF No. 1, at 5), and "state [and] federal lawsuit[s]" for the second ground, Pet. 8 (ECF No. 1, at 7).

3

2018. Resp't's Mem., Ex. 14 (ECF No. 19-14). On August 30, 2017, Shahaddah filed another pro se suit in the Arlington Country Circuit Court, this time alleging tort claims and a First Amendment religious discrimination claim against the Arlington Country ACT Program and its program manager, Shariee Sims. Resp't's Mem., Exs. 15, 17 (ECF Nos. 19-15, 19-17). Pursuant to Virginia Code § 8.01-335, the circuit court dismissed the case on February 4, 2019, noting that no party had appeared and that proper service had not been effected. Resp't's Mem., Ex. 17 (ECF No. 19-17). Finally, on September 15, 2017, Shahaddah, again proceeding pro se, filed in this court a 42 U.S.C. § 1983 suit against the ACT Program and Shariee Sims, No. 2:17-cv-493. That civil case is currently pending.

On December 8, 2018, Shahaddah filed the present Petition.[4] Pet. 16 (ECF No. 1, at 15). His Petition contains three grounds for relief, which the undersigned states verbatim:

> **GROUND ONE**: My sentence was 10 years with 6 suspended. Then on 7/15/16[,] me and my Lawyer asked Judge Fiore for a reconsideration[.] The Judge said I will give you 10 years with 6 suspended upon completion of the Act unit program. I was kicked out by Shariee L. Sims. I should only have to do the rest of my 4 years[,] not all 10 years!
>
> **GROUND TWO**: 8th Amendment violation deliberate indifferance [sic], Establishment clause, 1rst [sic] Amendment violation[,] APA violations rules [and] regulations[.] 14th Amendment Due process of Law. I was not given a chance to be seen by Judge Fiore[,] and I was not told by my Lawyer[,] Rex Flynn[,] that if anything should happen that I would have to do all 10 years[.] I was not briefed on this; this is ineffective counsel[.] If I was told this before reconsideration[,] I would have never took this and just accepted my 4 years original plea.
>
> **GROUND THREE**: On June of 2018[,] I was at Nottoway Correctional Center[.] I received my update sheet from the Counselor[;] it had my release date of November 16, 2020. Then 4 months later at Coffeewood Correctional Center[,] on October 18[,] 2018[,] I received a second update sheet of Feb[ruary] 4[,] 2026. This is wrong! [A]nd so I filed a retaliation speech claim against Shariee L. Sims/Arlington County.

---

[4] Shahaddah filed the Petition in this court's Alexandria Division. His Petition was transferred to this division because his § 1983 suit is pending in this division as well. (ECF No. 3.)

4

Pet. 5-9 (ECF No. 4-8). The gist of the Petition, as the undersigned understands it, is that when the circuit court granted Shahaddah's motion to be placed in the ACT Program, the court modified Shahaddah's original sentence of ten years' imprisonment with six years suspended to ten years' imprisonment with no years suspended, it being understood that the court would revisit his sentence upon his successful completion of the ACT Program. But now that Shahaddah is no longer eligible for the ACT Program and has been denied admission to other rehabilitative programs that could potentially result in a reduced sentence, he wants his original sentence – ten years' imprisonment with six years suspended – reinstated. In essence, Shahaddah's active prison sentence for the burglary conviction is now six years longer than it would have been had he never moved the circuit court to reconsider the initial sentence.

Respondents moved to dismiss the Petition, arguing that the claims were time-barred, procedurally defaulted, and otherwise lacked merit. The Motion was accompanied by the notice to pro se prisoners required under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Shahaddah did not respond to the Motion and the time to do so has now expired.

As explained below, Shahaddah's claims in this habeas petition are time-barred, and he has not identified any basis to excuse his untimely filing. Accordingly, the court may not consider his arguments and should therefore dismiss the Petition.

## II. Recommended Conclusions of Law

Prisoners seeking federal habeas relief for a state conviction are subject to a one-year statute of limitations in bringing such a claim. 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the date on which (i) judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim was, or could have been discovered with

5

due diligence, whichever is latest. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitation tolls while any state post-conviction collateral review is pending. 28 U.S.C. § 2244(d)(2).

In this case, the first limitation period applies. The federal limitations period would begin thirty days after the date on which the Arlington County Circuit Court imposed Shahaddah's original sentence, or July 6, 2016. See Va. Sup. Ct. R. 5A:6 (stating that a party wishing to appeal a final judgment must file a notice of appeal no more than thirty days after judgment is entered); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running . . . when the time for seeking direct review has expired."); see also Copeland v. Clarke, No. 2:17-cv-93, 2018 WL 4627029, at *7 (E.D. Va. July 3, 2018) (holding that the petitioner's state court motions for reconsideration did not extend the thirty-day period for filing an appeal (citing School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 379 S.E.2d 319, 323 (Va. 1989))). Absent tolling, Shahaddah had until July 6, 2017, to file this Petition. However, he did not file it until December 8, 2018, Pet. 16 (ECF No. 1, at 15), well over a year after the deadline imposed by § 2244 had expired. Accordingly, the Petition is time-barred.

Shahaddah does not argue that he is entitled to statutory tolling under § 2244(d)(2). But even if he did, that argument would fail. Under that provision, the one-year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Put another way, § 2244(d)(2) tolls the one-year limitation only when a state court collaterally reviews a state court judgment pursuant to which the petitioner is in custody. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("[T]he text of the statute must mean that the statute of limitations is tolled only while state courts review the application." (emphasis added)); Wall v. Kholi, 562 U.S. 545, 553 (2011) (defining "State post-conviction or other collateral review" as "judicial reexamination of a

6

judgment or claim [related to the fact of a petitioner's confinement] in a proceeding outside of the direct review process").

Here, Shahaddah's federal § 1983 suit does not qualify as a tolling event under 28 U.S.C. § 2244(d)(2) because it entails no state court review. Lawrence, 549 U.S. at 332; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) ("Congress did not intend properly filed applications for federal review to toll the [28 U.S.C. § 2244(d)] limitation period." (emphasis added)). Moreover, while the § 1983 suit and the two state suits are technically "outside of the direct review process," Wall, 562 U.S. at 553, none involves a "judicial reexamination" of Shahaddah's conviction or sentence, id. In other words, those law suits do not involve a direct challenge to the fact of Shahaddah's detention. See § 2244(d)(2). Accordingly, Shahaddah is not entitled to statutory tolling under § 2244(d)(2).

In Wall v. Kholi, the Supreme Court held that, under Rhode Island law, a post-conviction motion to reduce the defendant's sentence qualified as an application for collateral review that triggered tolling under § 2244(d)(2). 562 U.S. 545, 553 (2011). Despite that rule, it is doubtful that any of Shahaddah's motions under § 19.2-303 qualified to toll the limitation period because, unlike the post-conviction motions at issue in Wall, they did not directly seek any modification of his sentence. See Wall, 562 U.S. at 553 (holding that "collateral review" under § 2244(d)(2) "means a judicial reexamination of a judgment . . . in a proceeding outside of the direct review process" (emphasis added)). Instead, the motions sought only to delay Shahaddah's transfer to VDOC in order to permit a later modification or suspension. Nevertheless, even if the motions triggered the tolling provision, Shahaddah's Petition would still be time-barred.

In this case, Shahaddah filed a total of four motions pursuant to § 19.2-303, each of which sought to defer his transfer to VDOC and thus potentially permit a future suspension or

modification of his unserved sentence. No party addresses the fourth motion, and nothing in the record suggests that the circuit court ever ruled on it. Even if the court were to assume that (1) Shahaddah's first motion under § 19.2-303 tolled the one-year limitation period from July 6, 2016, (the date of final judgment) until the circuit court's disposition of the motion on August 17, 2016; (2) Shahaddah's second and third motions to reconsider also triggered the tolling provision; and (3) the period of time between the filing of Shahaddah's fourth motion to reconsider, April 6, 2017, and the date he was transferred to the custody of VDOC, May 15, 2018, also tolled the one-year limitation period,[5] Shahaddah's Petition would still be time-barred. Under these assumptions, Shahaddah had at most until October 24, 2018, to file his Petition. However, he did not do so until December 8, 2018. Accordingly, his Petition is time-barred.

Failure to file a timely petition under § 2244(d) may also be excused if a petitioner establishes circumstances that would entitle him to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Equitable tolling is available in two situations: (1) a petitioner is prevented from asserting his claims by some wrongful conduct on the part of the respondent, or (2) extraordinary circumstances beyond the petitioner's control made it impossible to file on time. Harris, 209 F.3d at 330. Shahaddah has not alleged any conduct by the Commonwealth that prevented his filing, nor any extraordinary circumstances that would have prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is

---

[5] See Wilson v. Commonwealth, 681 S.E.2d 74, 79 (Va. Ct. App. 2009) (noting that the trial court has jurisdiction to suspend or modify the sentence under § 19.2-303 over "all felony convictions provided the defendant has not been sent to the Department of Corrections" (emphasis omitted) (quoting Esparza v. Commonwealth, 513 S.E.2d 885, 887 (Va. Ct. App. 1999))).

not a basis for equitable tolling."). Because Shahaddah did not file his Petition within the one-year limitation period and has not established any circumstances that would entitle him to equitable tolling, his Petition is time-barred.[6]

Finally, to the extent that Shahaddah's claim that VDOC has incorrectly calculated his release date is timely and not otherwise procedurally defaulted, such claim has not been exhausted and lacks merit. Respondents submitted an affidavit by Donna M. Shiflett, Manager of the Court and Legal Services Unit for Virginia. Shiflett Aff. (ECF No. 19-18, at 1-3). Ms. Shiflett confirms that, in light the circuit court's modification of Shahaddah's sentence on August 17, 2016, Shahaddah's anticipated good time release date is February 4, 2026.[7] Shiflett Aff. ¶¶ 4, 7, 9, 11. Shahaddah did not contest or respond to Shiflett's affidavit, and it appears that his primary complaint is not with VDOC's calculation but with the sentencing judge's decision not to suspend any of the sentence imposed. Accordingly, Shahaddah cannot demonstrate that his sentence has been improperly calculated.

### III. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that Shahaddah's Petition is time-barred. Accordingly, the undersigned recommends that the court GRANT Respondents' Motion, (ECF No. 18), and DISMISS the Petition, (ECF No. 1).

---

[6] The bar of the statute of limitations may also be excused when a petitioner makes a credible showing of actual innocence, such that the failure to consider the merits would result in a fundamental miscarriage of justice. McQuiggin v. Perkins, 569 U.S. 383, 391-400 (2013). In this case, however, Shahaddah has not presented any new reliable evidence sufficient to plausibly allege a claim for actual innocence. Id. at 386-87 (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

[7] This projected date also takes into account a two-year sentence for a separate credit card larceny conviction in the Fairfax County Circuit Court. Shiflett Aff. ¶¶ 5-6, 9.

## IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 27, 2019

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Jihad Shahaddah**
No. 1046339
Coffeewood Correctional Center
12352 Coffeewood Drive
Mitchells, Virginia 22729

and an electronic copy was provided to:

**Liza S. Simmons**
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

December 27, 2019